United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANA LILIA VELEZ,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner, Social<br>Security Administration,<br><br>                Defendant. | Case No.: 12-CV-03036-EJD<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT; GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>**[Re: Docket Item Nos. 13, 14]** |

Plaintiff Ana Lilia Velez ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain review of the Social Security Commissioner's ("Defendant") final decision denying her claim for disability benefits. Plaintiff seeks an order remanding the case to the Commissioner with instructions to award and pay all disability benefits to her, or alternatively, remanding with instructions for further proceedings. Presently before the court are the parties' cross-motions for summary judgment. Having considered the parties' papers and the administrative record, the court DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 13), and GRANTS Defendant's Motion for Summary Judgment (Dkt. No. 14).

I.      **Background**

     a.  **Factual Background**

Plaintiff was born on August 31, 1969 and was 34 years old on the alleged onset date of

disability. <u>Administrative Record</u> ("AR") at 154. Plaintiff speaks limited English, and completed some education in Mexico. <u>Id.</u> at 87-90. After her injury, Plaintiff also attended vocational training for Administration and English but did not complete this training. <u>Id.</u> at 88. Prior to the date of injury, Plaintiff worked as a custodian at Evergreen Community College in San Jose, California for more than two years, and before that worked in quality control for a computer company for nearly five years. <u>Id.</u> at 398. Plaintiff has not engaged in substantial gainful activity since the alleged onset date of her injury. <u>Id.</u> at 32.

Plaintiff was injured on October 12, 2003 during her work at Evergreen Community College when she attempted to sit in a broken chair and fell. <u>Id.</u> at 147,  474. At the time of her injury, Plaintiff was referred for treatment to Kaiser Permanente Santa Teresa. <u>Id.</u> at 474. At Kaiser, Plaintiff had x-rays and received medications and injections. <u>Id.</u> On January 21, 2004, Plaintiff sought treatment from chiropractor Dr. Thomas Gallardo, D.C. <u>Id.</u> at 489. Dr. Gallardo evaluated Plaintiff and initiated treatment including chiropractic manipulation and myofascial technique for back pain. <u>Id.</u> Additionally, Dr. Gallardo referred Plaintiff to Dr. Hessam Norahali, M.D., D.C., Q.M.E. for a second opinion and pain management evaluation. <u>Id.</u> at 488. Dr. Gallardo completed a physical capabilities evaluation for The Hartford Insurance Company in June 2004 and reported that he was acting as Plaintiff's primary treating physician in regard to her work injury. <u>Id.</u> at 487. After conducting an evaluation on November 30, 2004, Dr. Gallardo found Plaintiff to be permanently disabled and stationary. <u>Id.</u> Since the time of her injury, Plaintiff has been seen by a number of physicians and psychologists as discussed more thoroughly below.

### b.  Procedural Background

Plaintiff filed applications for Disability Insurance Benefits ("DBI") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act on August 17 and 18, 2006, respectively, alleging disability arising from her October 12, 2003 workplace spinal/neck/shoulder injury and from her subsequent depression. <u>AR</u> 134-135, 147. The Social Security Administration first denied Plaintiff's claims on January 11, 2007, and reaffirmed this

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

decision on reconsideration on July 19, 2007.

Plaintiff appealed the Commissioner's decision, and a hearing was held before Administrative Law Judge ("ALJ") Brenton L. Rogozen on December 28, 2007, who issued a decision denying Plaintiff's claim on January 24, 2008. Id. at 112-113; 141-55. ALJ Rogozen found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Id. at 147. ALJ Rogozen thus determined that Plaintiff has residual functional capacity ("RFC") to perform past relevant work as a custodian. AR at 152-153.

Plaintiff appealed ALJ Rogozen's decision on February 4, 2008. Id. at 67. On July 15, 2009, the Appeals Council issued an order vacating the hearing decision and remanding the case for resolution of specified issues. Id. at 157-159. The Appeals Council ordered upon remand that the ALJ must give further consideration to the nonexamining source opinion, explain the weight given to such opinion evidence, address other medical source evidence, give further consideration to the Plaintiff's maximum RFC, and provide appropriate rationale of the assessed limitations. Id. ALJ Rogozen held a second hearing, and again found that Plaintiff was not disabled. Id. at 160-178. In making this determination, ALJ Rogozen found that Plaintiff did have severe impairments, but that she did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments necessary for obtaining benefits. Id. at 178. Additionally, ALJ Rogozen held that Plaintiff has the RFC to perform the full range of light work, and that she is capable of performing past relevant work. Id. at 175-177. As a result, ALJ Rogozen concluded that that Plaintiff has not been under a disability, as defined in the Social Security Act. Id. at 178

Plaintiff appealed ALJ Rogozen's second decision, and on July 21, 2010 the Appeals Council again remanded the case for a new hearing. Id. at 187. On this second remand, the Appeals Council directed that the case be assigned to a different ALJ. Id. Accordingly, the third hearing was held on September 28, 2010 before ALJ Nancy Lisewski. Id. at 83-111. ALJ Lisewski found that

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Plaintiff has severe impairments including neck and back pain, somatoform disorder, and depression. Id. ALJ Lisewski determined, however, that these impairments do not meet or equal a listed impairment. Unlike ALJ Rogozen, ALJ Lisewski found that Plaintiff has the RFC to perform a limited range of work and would not be able to return to past relevant work. Id. Nevertheless, ALJ Lisewski concluded that Plaintiff was not disabled because she could perform jobs that existed in the national economy and issued a decision denying the claim on January 7, 2011. Id. at 23-53. Plaintiff appealed ALJ Lisewski's decision on February 28, 2011. Id. at 63-66. The Appeals Council denied review on April 11, 2012, rendering ALJ Lisewski's decision the final decision of the Commissioner for purposes of judicial review under 42 USC 404(g). Id. at 1.

Plaintiff filed the instant action on November 30, 2012 requesting judicial review of the Commissioner's decision and seeking an Order remanding the case to the Commissioner with instructions to award and pay all disability benefits sought by Plaintiff. Alternatively, Plaintiff requests a remand with instructions regarding proceedings on remand. Id. Plaintiff filed the instant Motion for Summary Judgment on November 30, 2012. Dkt. No. 13. Defendant filed the instant cross-Motion for Summary Judgment on December 11, 2012. Dkt. No. 14. The court now turns to the substance of these motions.

## II.     Legal Standards

### a.  Standard for Reviewing the ALJ's Decision

The court has authority to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The court's jurisdiction, however, is limited to determining if the Commissioner applied the proper legal standard and if substantial evidence in the record as a whole supports the decision. 42 U.S.C. § 405(g); Vertigan v. Halter, 260 F.3 1044 (9th Cir. 2001). Substantial evidence refers to that evidence which is "more than a scintilla but less than a preponderance," Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997) and "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S 389, 401 (1971) (internal citation omitted). If the evidence supports more than one rational interpretation, the court

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

must uphold the Commissioner's conclusion. <u>Burch v. Barnhart,</u> 400 F.3d 676, 680-81 (9th Cir. 2005); <u>see also</u> <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019 (9th Cir. 1992). A decision of the Commissioner will not be reversed for errors that are harmless. <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1131 (9th Cir. 1991).

### b. Standard for Determining Disability

In order to qualify for disability insurance benefits under the Social Security Act, Plaintiff must establish that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). This impairment must be so severe that the claimant might not only be unable to do her previous work, "but cannot, considering her age, education, and work experience engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). In order to qualify for disability benefits, the claimant must show that the impairment results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir.1984).

Disability claims are evaluated using a five-step sequential evaluation process. <u>Burch</u>, 400 F.3d 676; 20 C.F.R. §§ 404.1520, 416.920. If it can be determined that a claimant is disabled or not disabled at any point in the review, that finding is made, and the review is ended. <u>Matney</u>, 981 F.2d 1019.

The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is so presently engaged, the claimant is not disabled and the claim is denied; otherwise the evaluation proceeds to step two. At step two, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant has no such impairment, the claimant is not disabled, and the claim is denied; otherwise the evaluation proceeds to step three.

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At step three, the ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments ("the Listing"). 20 C.F.R. §§ 20 C.F.R. § 404.1520(d), 416.920(d). If the claimant meets the requirements, the claimant is disabled and benefits are awarded; otherwise the analysis proceeds to step four. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the ALJ must, before proceeding to step four, make a determination as to the claimant's RFC[1] despite limitations from the claimant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). At step four, the ALJ must determine whether the claimant can still perform work that she has done in the past. 20 C.F.R. §§ 404.1520(f), 416.920(F). If she can, the claimant is not disabled and the claim is denied. If she cannot perform her past relevant work, then the claimant meets her burden and a prima facie case of disability is established. At this point, the evaluation proceeds to the fifth and final step of the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant is able to establish a prima facie case of disability, the burden shifts to the Commissioner to show the claimant is not disabled. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). In this final step, the Commissioner must show, considering a claimant's age, education, and vocational background, that the claimant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g); Lester v. Chater, 81 F.3d 821,828. The Commissioner can meet this burden through utilizing the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P., app. 2. Gallant, 753 F.2d at 1450. If the Commissioner fulfills this burden of showing that the claimant can perform other jobs, then the claimant has failed to establish disability for the purpose of qualifying for benefits. Tackett, 180 F.3d at 1101.

### III.    Discussion

Plaintiff argues that the ALJ (1) did not rely on substantial evidence in rejecting the opinion of her treating physicians Dr. Norahali and Dr. Tahami; (2) failed to give valid reasons for rejecting

---

[1] The RFC refers to what the claimant is still able to do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152,1155 n.5 (9th Cir. 1989).

6

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the nonmedical evidence offered by her chiropractor Dr. Gallardo and landlady Helia Carvalho; and (3) improperly assessed Plaintiff's own testimony. The court addresses each of these contentions in turn.

   a.   **The ALJ's Decision to Discount Plaintiffs' Treating Physicians' Opinions and Credit the State's Consultative Physicians' Opinions was Based on Substantial Evidence**

Plaintiff argues that the ALJ's decision to discount the opinions of her treating physician, Dr. Norahali, and treating psychologist, Dr. Tahami, both of whom reported that Plaintiff is unable to work, and instead credit the opinions of state consultative physicians, who each reported that Plaintiff was capable of restricted light work, was not based on substantial evidence. In evaluating disability claims, the ALJ generally assigns greater weight to a treating or examining doctor's opinion. 20 C.F.R. § 416.927(c)(1). The ALJ may, however, refuse to give controlling weight to a treating or examining doctor's opinion if it is contradicted by another doctor's opinion or if it is based "'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted). The ALJ may also discount a treating doctor's opinion if such opinion was not based on objective medical evidence, if it was inconsistent with his own medical records, or if it was dramatically more restrictive than the opinion of any other medical source. See Clark v. Astrue, 321 Fed. App'x 570 (9th Cir. 2009). However, if the ALJ does reject a treating doctor's opinion, she must provide specific and legitimate reasons for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester, 81 F.3d at 830).

   i.   **Dr. Norahali**

Dr. Norahali first treated Plaintiff in May 2004, about seven months after Plaintiff's workplace injury. At that time, Dr. Norahali diagnosed Plaintiff with having cervical and lumbar musculoligamentous sprain/strain, along with insomnia and mood changes due to pain. AR 36. Dr. Norahali recommended anti-inflammatory analgesics, muscle relaxants for pain control, and

7

United States District Court
For the Northern District of California

general conditioning by a chiropractor. Id. Six weeks later, Dr. Norahali referred Plaintiff for psychiatric evaluation by Dr. Tahami, a qualified medical examiner in psychiatry within Dr. Norahali's clinic. Dr. Tahami's determinations are discussed in the following section.

By September 2005, Plaintiff's condition appeared improved. Dr. Norahali noted reduced range of lumbar motion and tenderness in Plaintiff's neck and back, but otherwise found all other aspects of Plaintiff's examination to be normal to the point that Plaintiff could return to modified work duty. AR 37. Due to Plaintiff's continued complaints of pain, however, Dr. Norahali performed lumbar epidural injections in January and February 2006. Id. Plaintiff reported decreased leg pain after these procedures. Again, in March and June of 2006, Dr. Norahali noted Plaintiff's complaints of serious back pain and difficultly sleeping. AR 507. While he also noted that Plaintiff had "poor coping with chronic pain and disability," he found Plaintiff's mental status to be alert and oriented. Id. Additionally, Dr. Norahali reported that he felt that Plaintiff was under a lot of pressure because of financial stress, and had developed a "psych" issue. AR 37.

In July 2006, Dr. Norahali completed an "Excuse Slip" which noted that Plaintiff was being seen by Dr. Norahali's office, but in which he declined to instruct Plaintiff to not work or to limit her functions at work. Id. at 42, 848. Nearly a year later, Plaintiff acknowledged that she had run out of medication and Dr. Noralahi noted that, despite being out of medication, Plaintiff was able to walk without significant deficit and that straight leg raises were negative. AR 42.

In October 2007, Dr. Norahali completed a physical RFC questionnaire in which he diagnosed Plaintiff with cervical and lumbar degenerative disc disease. In that same report, Dr. Norahali indicated that emotional factors affected Plaintiff's physical condition. He ultimately concluded that Plaintiff was highly limited in physical capabilities and only had the ability to perform less than sedentary work. Id. at 37, 509.

The ALJ afforded "very little weight" to Dr. Norahali's conclusions in the RFC assessment. In doing so, the ALJ explained that Dr. Norahali's conclusions appeared to conflict with Dr. Noralahi's own treatment record of Plaintiff. Moreover, the ALJ explained that these conclusions

8

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

appeared to be based primarily on Plaintiff's subjective complaints and considerations of Plaintiff's

mental status as evaluated by Dr. Tahami, instead of Dr. Norahali's objective medical assessment.

AR 42.

Contrasting with Dr. Norahali's medical assessment were the opinions of several Disability

Determination Service ("DDS") consultative examiners. On December 28, 2006, medical

consultant Dr. S.V. Reddy examined Plaintiff and found her to be capable of medium work with

some limitations, including requiring the ability to change positions, limiting stooping or

crouching, and limiting herself to frequent, but not constant, climbing, kneeling, and crawling. AR

40. The ALJ, though she ultimately assigned Plaintiff a more restrictive RFC than

recommended by Dr. Reddy, nevertheless gave Dr. Reddy's opinion significant weight because it

was detailed and generally well supported. Id. The ALJ further found Dr. Reddy's assessment to be

consistent with Dr. Norahali's treatment notes, but not with Dr. Norahali's ultimate conclusions.

While Dr. Norahali appeared to give disproportionate weight to Plaintiff's subjective complaints of

pain, Dr. Reddy appeared to the ALJ to make her conclusions based primarily on her own medical

findings. Id.

Additionally, on August 17, 2009 orthopedic surgeon Dr. Omar Bayne conducted an

examination of Plaintiff, reviewed her medical history, and issued a report and recommendation.

AR 811-20. Dr. Bayne reported a diagnostic impression of chronic recurrent low back pain,

chronic recurrent neck pain, and history of depression in Plaintiff. Id. With this presentation in

mind, Dr. Bayne found that Plaintiff could drive, take public transportation, walk without a

walking aid, stand and walk for a total of four to six hours during an eight-hour workday, and sit

for six hours in an eight-hour work day, with ten to fifteen minute breaks each hour. Id. However

he recommended limiting Plaintiff to only occasionally stooping, crouching, repetitively bending,

and climbing ladders. Id. He also recommended that Plaintiff avoid uneven surfaces, slippery

surfaces, and dark areas. Id. at 816. [2]  The ALJ assigned "very significant weight" to Dr. Bayne's

---

[2] Plaintiff also asserts that Dr. Bayne's recommendation that she avoid risky walking areas is evidence that she meets
or equals an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1, particularly the inability to walk as defined by

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

opinion both because Dr. Bayne is an orthopedic surgeon and thus more likely to be familiar with Plaintiff's condition, because his opinion was generally consistent with another expert, Dr. Newman's opinion as presented at Plaintiff's prior hearing, and because his opinion was consistent with the record as a whole. AR 41.

The court finds that the ALJ's decision to discount Dr. Norahali's opinion and instead credit Dr. Reddy's and Dr. Bayne's opinions was based on substantial evidence in the record. The ALJ found, and the court agrees, that Dr. Norahali's ultimate conclusion on the RFC assessment conflicted with his own treatment record of Plaintiff and appeared to be based primarily on Plaintiff's subjective complaints. This finding alone is sufficient reason to discount Dr. Norahali's opinion. See Clark, 321 Fed. App'x at 572. Even more compelling, the state consultative physicians' opinions tend to align with Dr. Norahali's treatment record and notes, rendering the consultative opinions more consistent with the record as a whole. The ALJ not only provided a description of each of these opinions, but also included her reasoning for her treatment of them. Even accepting Plaintiff's argument that the record contains evidence that may support a different interpretation, the court recognizes its mandate to defer to the decision of the ALJ in cases such as the instant one, where the ALJ has demonstrated substantial evidence to support the Commissioner's final decision. See Burch, 400 F.3d at 680-81. Accordingly, the court finds that the ALJ did not err.

### ii.  Dr. Tahami

Plaintiff's treating psychologist Dr. Hosein Tahami started seeing Plaintiff upon referral by Dr. Norahali in June 2004. After his initial evaluation of Plaintiff on December 6, 2004, Dr. Tahami reported that while she appeared to be sad and anxious, she was able cooperate with and

---

Listing 1.00B(2), to the satisfaction of step three of the five-step evaluation process. Plaintiff overstates Dr. Bayne's assessment. Dr. Bayne did not find that Plaintiff could not ambulate effectively—to the contrary, he found that Plaintiff could at the very least walk without any assistance and take public transportation. A mere caution to avoid dangerous conditions does not amount to a finding that Plaintiff meets or equals Plaintiff's suggested listed impairment. Accordingly, the ALJ's finding that the record did not support a finding "that the claimant cannot ambulate effectively" is not in error. AR 33.

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

relate to the examiner, did not have any difficulty providing a detailed history, and was speaking in normal rate and tone. Id. at 782. Notwithstanding this early evaluation, Dr. Tahami acknowledges that he did not become Plaintiff's treating pscyhiatrist until 2006. AR 42. After evaluating Plaintiff on April 6, 2006, Dr. Tahami reported that Plaintiff appeared dysphoric, but did not appear to be in any physical pain. Id. at 785. Again, Plaintiff was pleasant, cooperative, able to relate, and able to provide a detailed history. Id.

On August 17, 2007, Dr. Tahami completed a mental Medical Source Assessment and ultimately concluded that Plaintiff was impaired in understanding and memory, sustained concentration and persistence, social interaction, and adaptation. AR at 777. In this assessment, Dr. Tahami indicated that treatment had been "very sporadic" because it had not actually been authorized. Id. at 772. Dr. Tahami diagnosed Plaintiff with major depressive disorder, and indicated that Plaintiff would have trouble understanding, remembering, and carrying out simple instructions, responding appropriately to supervision, co-workers, and usual work situations, and dealing with changes in a routine work setting. Id. Dr. Tahami also indicated that Plaintiff would not be able to work, and that Plaintiff is not capable of any unskilled employment on a sustained basis due to disabling psychiatric symptoms.

The ALJ assigned Dr. Tahami's conclusions "very little weight." AR 42. As with Dr. Norahali, the ALJ found Dr. Tahami's ultimate conclusions to be inconsistent with his own treatment record with Plaintiff. In addition, the ALJ found that Dr. Tahami had only, by his own admission, sporadically treated Plaintiff and had not seen Plaintiff for over a year before authoring his report. Id. Thus, Dr. Tahami's conclusions appeared to the ALJ to be based on Plaintiff's earlier subjective complaints.

The ALJ also found that Dr. Tahami's conclusions were inconsistent with other opinions in the record. Particularly, in contrast to Dr. Tahami's conclusions, DDS psychologist Dr. Antoinette Acenas found that, based only on Plaintiff's mental capabilities and not considering physical factors, Plaintiff is able to work on a consistent basis, maintain regular attendance, and finish a

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

normal workweek. Additionally, Dr. Acenas found that Plaintiff would be able to deal with the usual stress encountered in a competitive workplace. AR at 600-611. The ALJ concluded that Dr. Acenas' findings, while contradicting Dr. Tahami's conclusions, appeared to be in line with Dr. Tahami's objective treatment notes.

For the same reasons as given in the preceding section, the court finds that the ALJ did not err in discounting Dr. Tahami's and crediting Dr. Acenas' respective conclusions.

### b. The ALJ Properly Discounted the Nonmedical Opinion Evidence in the Record

In assessing Plaintiff's RFC, the ALJ also addressed nonmedical evidence contained in the record. Among these opinions was the opinion of Dr. Gallardo, Plaintiff's chiropractor. Dr. Gallardo initially evaluated Plaintiff on January 21, 2004 and initiated treatment including chiropractic manipulation and myofascial technique for back pain. AR 489. Dr. Gallardo referred Plaintiff to Dr. Norahali for a second opinion and for pain management evaluation, and on November 30, 2004, found Plaintiff to be permanently disabled and stationary. Id. The ALJ gave no weight to Dr. Gallardo's opinion because it was offered before any significant treatment, unhelpful in evaluating the severity of the impairment and how it affects Plaintiff's functioning, and inconsistent with the record as a whole. AR 43.

While the ALJ may consider other sources such as chiropractors in making her RFC, she may only use these opinions to show the severity of the impairment and how it affects Plaintiff's ability to work; the ALJ is not required to accept or specifically refute this evidence. 20 C.F.R. § 404.1513(d); Bunnell v. Sullivan, 912 F.2d 1149, 1152 (9th Cir. 1990), overruled on other grounds, 947 F.2d 341 (1991). It was within her discretion, therefore, for the ALJ to discount Dr. Gallardo's opinion as being too remote to offer significant information regarding the severity and impact of Plaintiff's impairments. Moreover, for the reasons stated in the previous section, the ALJ's decision to place little weight on Dr. Gallardo's opinion for the purpose of evaluating the severity and impact of Plaintiff's impairments is based on substantial evidence.

The ALJ also addressed the opinion of Plaintiff's landlady, Helia Carvalho, but found the

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

opinion unpersuasive in establishing Plaintiff's disability. <u>AR</u> 44. In a letter dated September 1, 2007, Ms. Carvalho asserted that Plaintiff is "horribly depressed," "physically in pain," and "unable to function." <u>Id.</u> To reject the testimony of a lay witness, an ALJ must set forth specific reasons germane to that particular witness. <u>Regennitter v. Commissioner, Soc. Sec. Admin.</u> 166 F.3d 1294,1298 (9th Cir. 1999). Here, the ALJ explained that she did not give Ms. Carvalho's opinion significant weight because Ms. Carvalho is not medically trained to give opinions regarding psychological states, has a pecuniary interest in Plaintiff's receiving benefits, and did not appear to spend significant time with Plaintiff. <u>AR</u> 44. The court finds that the bias inherent in Ms. Carvalho's letter is enough to discredit her opinion. Accordingly, the ALJ did not err in rejecting the nonmedical evidence in the record.

### c. The ALJ's Negative Credibility Finding as to Plaintiff Constituted Harmless Error

Plaintiff asserts that the ALJ's negative credibility finding as to her is in error. In evaluating the credibility of pain testimony after a plaintiff produces objective medical evidence of an underlying impairment, an ALJ may not reject a plaintiff's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain. <u>See</u> <u>Bunnell</u>, 947 F.2d at 345. However, in determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering Plaintiff's reputation for truthfulness and inconsistencies in Plaintiff's testimony. <u>See</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001). Absent affirmative evidence of malingering, an ALJ may not reject a claimant's testimony without giving clear and convincing reasons. <u>Vertigan v. Halter</u>, 260 F.3d 1044 (9th Cir. 2001).

At the hearing on remand before the ALJ, Plaintiff testified that she continues to suffer from debilitating impairments, including the difficulty raising her right arm up very high, inability to sit without pain, and depression. <u>AR</u> 44, 88. The ALJ found Plaintiff to be less than fully credible. <u>AR</u> 44. In explaining her credibility finding, the ALJ highlighted Plaintiff's non-compliance with her medication, absence from several doctors' appointments, inability to babysit

13

without crying, ability to do yoga (albeit without any results), admission that she knowingly passed bad checks, and periodic depressive episodes over her financial troubles that were "not necessarily ones which are entirely psychiatrically driven." <u>AR</u> 44-45. Additionally, the ALJ noted that Plaintiff testified she is "crooked" and walks "like an little old lady" even though her doctors reported that she had a normal lordotic curve to her cervical spine and is able to walk without walking aids or a limp. <u>AR</u> 45.

While the ALJ asserted specific reasons for rejecting Plaintiff's testimony, the court does not find each of these explanations to be clear and convincing. The first reason the ALJ provides for not finding Plaintiff credible is her non-compliance with medication and missed appointments. <u>AR</u> 44. As made clear in the record and acknowledged by the ALJ, Plaintiff is suffering from financial hardship. Thus, a lapse in medication due to losing medication or otherwise or missing appointments due to lack of transportation is not a clear and convincing reason to find Plaintiff not credible. <u>AR</u> at 44. The second reason provided by the ALJ is that Plaintiff's claims regarding her inability to babysit her grandchildren due to crying is not credible because Plaintiff had not recently sought mental health treatment. <u>Id.</u> at 44-45. The record demonstrates that Plaintiff did not frequently utilize mental health services due to the fact that Plaintiff's insurance did not approve any further mental health treatment. Again, finding Plaintiff not credible due to her inability to pay for mental health treatment is not a clear and convincing reason to reject her testimony. The third reason provided by the ALJ to reject Plaintiff's pain testimony is that Plaintiff admitted she could do yoga without taking any medications. <u>Id.</u> at 45. However, the court finds that Plaintiff's ability to engage in therapeutic yoga without results does not provide clear and convincing reason to discredit Plaintiff's pain testimony.

In contrast, the court finds that the ALJ provided clear and convincing reasons to support the remainder of her findings as to Plaintiff's credibility. Plaintiff's testimony that she is "crooked" is directly contradicted by physician opinions. Plaintiff's repeated testimony and admission that she faces severe financial hardship without the requested benefits adequately provides an explanation

14

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

as to why Plaintiff appeared to the ALJ to be exaggerating her symptoms. Moreover, Plaintiff's inaccurate representation of her English fluency and her admission of having passed bad checks are clear and convincing reasons for doubting her credibility in general.

While the ALJ failed to provide clear and convincing explanations for each articulated reason behind her credibility finding, her opinion may not be reversed if it amounts to harmless error. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir.1991). As discussed in the prior sections of this order, the ALJ's decision is otherwise supported by substantial evidence and other clear and convincing reasons to doubt Plaintiff's testimony. Accordingly, the ALJ's partially erroneous findings as to Plaintiff's credibility constitute harmless error.

### IV.      Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Motion for Summary Judgment.

The clerk shall CLOSE the file upon entry of judgment.

**IT IS SO ORDERED.**

Dated: September 30, 2013



EDWARD J. DAVILA
United States District Judge

Case No.: 12-CV-03036-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28